IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JEFFREY WAYNE TAYLOR, #216752, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:09-CV-900-WKW |
| | ) [WO] |
| | ) |
| LOUIS BOYD, et al., | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This case is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Jeffrey Wayne Taylor ["Taylor"], a state inmate, on September 20, 2009.[1] In this petition, Taylor challenges convictions for second degree burglary, second degree theft of property (3 counts), unlawful breaking and entering a vehicle (2 counts), third degree burglary and third degree theft of property imposed upon him on April 17, 2007 in case number CC-07-76 by the Circuit Court of Elmore County, Alabama.[2] Taylor did not appeal

---

[1] The Clerk stamped the petition "received" on September 22, 2009. However, the law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). Taylor certified he placed the petition in the prison mailing system on September 20, 2009. Pet. for Writ of Habeas Corpus Relief (Doc. No. 1) at 15. In light of the foregoing and for purposes of the proceedings herein, the court considers September 20, 2009 as the date of filing.

[2] In the response filed on October 28, 2009 (Doc. No. 9), Taylor clarifies all of the convictions challenged in this federal habeas action appear under Elmore County criminal case number CC-07-76.

any of these convictions and the convictions therefore became final by operation of law on May 29, 2007.

Pursuant to the orders of this court, the respondents filed an answer in which they argue the instant federal habeas petition is barred by the one-year period of limitation applicable to 28 U.S.C. § 2254 petitions. 28 U.S.C. § 2244(d)(1).[3] The respondents contend that because Taylor's burglary, theft and unlawful breaking/entering convictions became final in 2007 -- after the effective date of the statute of limitations -- Taylor must have filed his § 2254 petition within a year of the convictions becoming final, exclusive of the time that any properly filed state post-conviction action related to the convictions remained pending in the state courts. The respondents acknowledge Taylor filed a state post-conviction petition in the Circuit Court of Elmore County, Alabama on March 22, 2009.[4] However, they argue this state petition did not toll the one-year period of limitation because it was filed after expiration of the federal limitation period and, hence, was not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period.

---

[3] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

[4] The Rule 32 petition establishes that Taylor certified execution of the petition on March 22, 2009. Resp't's Ex. J (Doc. No. 7-11) at 9. As previously noted, a *pro se* inmate's petition is deemed filed in federal cases the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-72. "Alabama courts have [adopted the mailbox rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala. Crim. App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison mailbox rule applies to *pro se* Rule 32 petitions filed in the state courts of Alabama and March 22, 2009 is therefore the appropriate date of filing for Taylor's Rule 32 petition.

Resp'ts' Answer (Doc. No. 7) at 5-6; *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991 (2000) ("[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."). Thus, the respondents maintain Taylor had until May 30, 2008 "- one year after his time for taking a direct appeal from [the] judgment[s] lapsed - to file a § 2254 habeas petition . . . [and] because Taylor did not file the petition until September 20, 2009, nearly sixteen months after his time for filing expired, his petition is untimely . . . ." Resp't's Answer (Doc. No. 7) at 4.

Based on the foregoing, the court entered an order advising Taylor he failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). Order of October 29, 2009 (Doc. No. 10). This order also provided Taylor an opportunity to show cause why his habeas petition should not be barred from review by this court as untimely filed. *Id*. at 5. In response to this order, Taylor asserts he is entitled to

equitable tolling due to his use of prescription medication which has adversely affected his mental competency. Pet'r's December 3, 2009 Resp. (Doc. No. 11) at 1.

Upon review of the pleadings filed by the parties, the undisputed state court record and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Taylor failed to file the petition within the applicable one-year period of limitation.

## II. DISCUSSION

### A. The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the Supreme Court denies certiorari or the time to apply for certiorari expires. *Id.*

On April 17, 2007, Taylor entered guilty pleas before the Circuit Court of Elmore County, Alabama to second degree burglary, second degree theft of property (3 counts), unlawful breaking and entering a vehicle (2 counts), third degree burglary and third degree theft of property. Resp'ts' Ex. A (Doc. No. 7-1) at 2. The court immediately imposed sentences upon Taylor for these convictions. *Id.* Taylor did not file a direct appeal. Since

5

Taylor failed to undertake the direct appeal process in accordance with applicable procedural rules, he could not petition the United States Supreme Court for review of his convictions. By operation of law, the challenged Elmore County convictions became final on May 29, 2007 -- forty-two (42) days after imposition of the convictions as this is the date on which Taylor's time to seek direct review expired. Ala. R. App. P. 4(b)(1). The one-year limitation period contained in section 2244(d)(1)(A) therefore began to run on May 30, 2007.[5]

## B. Statutory Tolling

Title 28 U.S.C. § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." It is undisputed that Taylor failed to properly file any application for post-conviction relief or collateral review in the state courts challenging his convictions for second degree burglary, second degree theft of property (3 counts), unlawful breaking and entering a vehicle (2 counts), third degree burglary and third degree theft of property. Thus, Taylor is not entitled to statutory tolling of the limitation period.

## C. Equitable Tolling

Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of

---

[5] In computing the federal period of limitation, "exclude the day of the event that triggers the period[.]" Fed. R. Civ. P. 6(a)(1)(A).

extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir. 1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-40 (11th Cir. 2002); *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Sec'y for the Dep't of Corr.*, 259 F.3d 1310, 1313-14 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080 (2002).

  In an effort to secure equitable tolling, Taylor alleges he is not mentally competent because of prescription medication utilized in the treatment of his mental health. Pet'r's December 3, 2009 Resp. (Doc. No. 11) at 1. This claim, however, does not justify equitable tolling of the limitation period as Taylor has failed to present any evidence of actual incompetence nor has he established a causal connection between his alleged mental incompetence and his ability to file a timely federal habeas petition. *Lawrence v. Florida*, 421 F.3d 1221, 1226 (11th Cir. 2005); *Bilbrey v. Douglas*, 124 F. App'x. 971, 973 (6th Cir. 2005) (equitable tolling not applicable because petitioner "failed to establish a causal

7

connection between her mental condition and her ability to file a timely petition"); *Green v. Hinsley*, 116 F. App'x. 749, 751 (7th Cir. 2004) (equitable tolling did not apply because petitioner failed to submit evidence of how his low IQ would render him incompetent or prevent him from timely filing his petition); *Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (petitioner's mere allegations of incompetency did not suffice to warrant equitable tolling of the limitations period). A petitioner must make a threshold showing of incompetence, *see Calderon v. United States District Court for the Central District of California*, 163 F.3d 530, 541 (9th Cir. 1998) (en banc), and demonstrate that the asserted incompetence affected his ability to file a timely habeas petition. *Miller v. New Jersey State Dep't of Corr.*, 145 F.3d 616, 618 (3d Cir. 1998). Thus, the mere fact Taylor complains he suffers from a mental impairment, without more, is insufficient to justify equitable tolling. *Lawrence*, 421 F.3d at 1227; *Lake v. Arnold*, 232 F.3d 360, 371 (3d Cir. 2000) (mental incompetence, standing alone, not sufficient reason to toll limitation period).

Other than his suppositious and wholly self-serving allegation of mental incompetence, Taylor presents nothing to this court which indicates that his use of prescription medication rendered him incompetent or incapable of preparing a habeas petition at any time during the running of the limitation period; rather, the evidentiary materials filed herein demonstrate otherwise. Specifically, the records of this court demonstrate that Taylor filed both a state post-conviction petition challenging his Elmore County convictions and this federal habeas petition each while proceeding *pro se*. In light of the foregoing, the court

concludes Taylor has failed to demonstrate that his mental health status in any way adversely affected his ability to file a timely federal habeas petition. Consequently, equitable tolling is not warranted due to Taylor's alleged mental incompetence.

To the extent Taylor argues equitable tolling should be awarded to him because of his *pro se* status and lack of legal knowledge, he is entitled to no relief from this court. The law is well settled that an inmate's lack of legal knowledge, his failure to understand legal principles and/or the inability to recognize potential claims for relief at an earlier juncture, do not constitute extraordinary circumstances sufficient to warrant equitable tolling of the federal limitation period. *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied*, 534 U.S. 863 (2001) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001) (petitioner's *pro se* status and ignorance of the law are insufficient to support equitable tolling of the statute of limitations); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 1999), *cert. denied*, 531 U.S. 1035 (2000) (ignorance of the law and *pro se* status do not constitute "rare and exceptional" circumstances justifying equitable tolling); *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840 (2000) (petitioner's *pro se* status throughout majority of limitation period does not merit equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999) (unfamiliarity with

the legal process during the applicable filing period did not merit equitable tolling); *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 969 (11th Cir. 1997) (an individual's ignorance of the law "is not a factor that can warrant equitable tolling.").

### D.  Expiration of the Limitation Period

Based on the foregoing analyses, the court concludes that Taylor has failed to present any credible basis for either statutory or equitable tolling of the one-year federal period of limitation.  The limitation period therefore began to run on May 30, 2007 and ran uninterrupted without either statutory or equitable tolling until its expiration on May 30, 2008.  Taylor filed the instant petition for federal habeas relief on September 20, 2009, over a year and three months after expiration of the federal limitation period.  Taylor has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas relief filed by Jeffrey Wayne Taylor on September 20, 2009 be denied as it was not filed within the one-year period of limitation mandated by 28 U.S.C. § 2244(d)(1); and

2. This case be dismissed with prejudice.

It is further

ORDERED that on or before **December 2, 2011**, the parties may file objections to the

Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 18th day of November, 2011.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE